# JANUARY TERM, 1894.

ARCHIBALD G. LINDSAY v. THE ESTATE OF DAVID M. RICHARDSON.

*Estates of deceased persons—Compensation of executor—Extraordinary services.*

Where shares of stock belonging to an estate are held as security by a creditor, and he, on being paid the amount of his debt by one of the executors and trustees, assigns the certificates in blank, and delivers them to said executor, without objection from the co-executor and trustee, who is a witness to the transaction, the writing by such co-executor of a letter to the corporation, requesting it to fill in the blanks in the assignments and issue new certificates to both of the executors and trustees, which is done, is not an extraordinary service, within the meaning of How. Stat. § 5959, which provides for the allowance of extra compensation for any extraordinary services, not required of an executor or administrator in the common course of his duty.[1]

---

[1] For cases bearing upon the question of allowances to executors and administrators for special services, see:

1. *Mower's Appeal*, 48 Mich. 442, holding that such allowances are within the discretion of the probate judge, and of the circuit judge on appeal, and that their decisions cannot be overruled if there were facts before them which fairly called for the exercise of such discretion; *Loomis v. Armstrong*, 49 Mich. 521, 526, holding that the question of the right to such compensation cannot be left to a jury; and *Wisner v. Mabley Estate*, 74 Mich. 143, 148, holding that the finding of the probate court as to what was a reasonable compensation for extraordinary services rendered by the executor in that case was open to review, there being no competent evidence in the case upon which to base such finding.

2. *Wisner v. Mabley Estate*, 70 Mich. 272, holding:

a—That How. Stat. § 5959, is intended to cover a class of services not included in How. Stat. §§ 5958, 9015; such, for instance, as securing property belonging to the estate and in use by surviving partners, or located in another state or county, suits to set aside

Error to Wayne. (Gartner, J.) Submitted on briefs October 31, 1893. Decided January 5, 1894.

Appeal from the disallowance of a claim by an executor for extraordinary services. Claimant brings error. Affirmed. The facts are stated in the opinion.

*DeForest Paine,* for appellant.

*Dickinson, Thurber & Stevenson,* for defendant E. Jennie H. Richardson.

*Edwin F. Conely,* for defendant Arthur Richardson.

HOOKER, J. Lindsay, the appellant, and Mrs. Richardson were executors and trustees under the will of D. M. Richardson, deceased. This will bequeathed one-third of the estate to the widow, and, after several other bequests,

---

fraudulent conveyances, garnishment proceedings, and securing the rights of the estate by bill of interpleader, etc.

*b*—That the services claimed for should be particularly set forth for the information of the court, and to enable the heirs to decide whether they desire to contest the same, and no such claim should be allowed without such itemization.

3. *Wisner v. Mabley Estate,* 74 Mich. 143, holding the following services performed by an executor, who was also an attorney at law, extraordinary:

*a*—Resisting claims against the estate in probate court, one of which was finally compromised at a large discount from its face.

*b*—Drafting a bill to construe a provision in the will, and making copies.

*c*—Appearing in probate court, and resisting the petition of the guardian that the executors be compelled to pay over to him the income of his ward's estate in their hands.

*d*—Going out of the State to settle a partnership business in which the testator was engaged, and the contract relations between the estate and the surviving partner.

*e*—Selling property in another state.

And holding the following *not* extraordinary:

*a*—Negotiating the sale of notes, indorsed without recourse to the estate, at a discount of one per cent.; the object being to effect an earlier settlement of the estate.

*b*—Prevailing upon the widow and guardian to consent that a certain sum in dispute between them might be deposited to their joint account to await the result of pending litigation between them, and preparing the necessary agreement.

4. *In re Power Estate,* 92 Mich. 106, holding that an allowance for services as administratrix of $100 was justified under How. Stat. § 5959.

gave the remainder to trustees, to manage for her son,—one-third to be delivered at his majority, one-half of the remainder when he should arrive at the age of 25 years, and the residue when he should arrive at the age of 30 years. The estate was large, consisting principally of about 5,000 shares of stock of the Diamond Match Company, worth about $150 a share. This stock stood in the name of C. H. Buhl, who claimed to hold it as security for $27,000 or more, and had been the subject of litigation.[1] Mrs. Richardson finally adjusted the matter, and at a meeting attended by Mr. Buhl, herself, appellant, and others, the amount of $27,000, provided by her, was paid Mr. Buhl, who signed the blank assignments on the back of the certificates and delivered them to her, and she took them away without objection from appellant.

Appellant and Mrs. Richardson had not agreed in all things pertaining to the management of the estate, and, while there is no evidence of an open rupture, she had at one time asked him to resign, and he had taken the matter under consideration. Immediately after the stock transaction above narrated, Lindsay wrote the match company, informing it of the assignments in blank, and requesting it to fill blanks, and issue stock to Mrs. Richardson and himself, as trustees. The letter contained no implication of misunderstanding between himself and his cotrustee, but stated that he wrote by way of precaution, lest certificates be issued to those not entitled to them. Soon after, a letter was received by the match company, inclosing the certificates, and asking that new ones be issued to Mrs. E. Jennie H. Richardson. The certificates were issued in the names of both, with which Mrs. Richardson appears to have been satisfied. Appellant subsequently filed his account in the probate court for compensation as executor, in which

[1] See *Richardson v. Buhl*, 77 Mich. 632.
98 MICH.—21.

he included an item of $5,000 for preventing this stock from being issued to Mrs. Richardson; claiming that the writing of this letter, which is all that he bases the right to such sum upon, was an extraordinary service, worth $5,000. The probate court disallowed the claim, holding that it was a part of his ordinary duty, as executor, to see that the property of the estate was properly transferred to the executors, which decision was followed in the circuit court.

There is nothing in the case showing that Mrs. Richardson intended to misappropriate this property, and the appellant was careful not to say that he thought she had any such design. If Mrs. Richardson was not entitled to have this stock issued in her own name as security for her advance,—a question that we need not decide,—it was the duty of these executors to have it issued to themselves, as executors. Had appellant asked it, the assignments would probably have been so made out. As it was, he merely wrote a letter made necessary by reason of the character of the assignments. The assignments being in blank, some one had to direct the match company how new certificates should be issued, and one executor was under no more obligation to do so than the other.

We think the decision of the circuit court was right, and it will be affirmed, with costs.

The other Justices concurred.